**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PETER T. POST, ) | | |
|             Plaintiff, ) | | |
|     v. ) | No. | 18 CV 000077 |
| ) | | |
| THE NORTHEAST ILLINOIS REGIONAL ) | Judge Manish S. Shah | |
| COMMUTER RAILROAD CORPORATION ) | | |
| d/b/a METRA, JAMES M. DERWINSKI, in his ) | Magistrate Judge Jeffrey Cole | |
| individual capacity and official capacity as Metra ) | | |
| Chief Mechanical Officer, ART OLSEN, in his ) | | |
| individual capacity and official capacity as Metra ) | | |
| Director of Rock Island Mechanical Department ) | | |
| and KEVIN J. CLIFFORD, in his individual ) | | |
| capacity and official capacity as METRA Senior ) | | |
| Director of Mechanical Operations. ) | | |
| ) | | |
|             Defendants. ) | | |

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA ("Metra"), JAMES DERWINSKI ("Derwinski"), ART OLSEN ("Olsen"), and KEVIN J. CLIFFORD ("Clifford"), by and through their attorneys, Stephen G. Goins and Henry J. Ford, Jr., Metra Law Department, move to dismiss Plaintiff, Peter T. Post's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), stating as follows:

**I. Introduction**

The Complaint pleads claims under 42 U.S.C. §1983 for violation of Plaintiff's First Amendment rights (Count I) based on harassment, retaliation and unjust discipline (Complaint, ¶14) against Metra, (for "indemnification only," Complaint, ¶11), and the individual defendants in their individual and official capacities: Olsen, Metra's now retired Director of the Rock Island District; Derwinski, former Chief Mechanical Officer and current CEO/Chief Executive of Metra;

1

and Clifford, Senior Director of Mechanical Operations. Counts I and II make claims under the Illinois Whistleblower Act. Paragraph 14 of the complaint alleges undeveloped claims for negligent infliction of emotional harm and intentional infliction of emotional harm.

The Complaint fails to allege facts showing retaliation or harassment for protected speech. Also, these claims are made over two years before the filing date of this lawsuit (January 4, 2018) and are time barred. Similarly, the claims made under the Illinois Whistleblower Act are not supported by facts to show that Plaintiff had a reasonable belief that his employer, Metra, violated any law. The Complaint alleges also Metra is party to this case solely for indemnification, but provides no basis for this claim. Finally, the Complaint is devoid of any basis for the claims for negligent infliction and intentional infliction of emotional distress.

## II. Relevant Facts from Plaintiff's Complaint

The relevant facts from the Complaint are as follows: Plaintiff worked for Metra as a foreman in the Mechanical Department beginning on June 15, 2010. (Complaint, ¶ 16). He was subjected to a pattern of harassment by Olsen that was "validated," without reference to specific conduct by Derwinski and Clifford. (*Id*. at ¶¶ 17, 34). The harassment began in early 2015 after he gave a statement to Metra's Equal Employment Opportunity office ("EEO") about a complaint of harassment by another Metra employee against a third Metra employee, Cornell Smith ("Smith"). (*Id*. at ¶ 17). Plaintiff claims that as a result of that statement and because Smith was a close associate of Olsen, Olsen harassed Plaintiff by fabricating complaints about his work performance. (*Id*. at ¶¶ 20-21).

The Complaint's narrative then shifts from February 2015 to May 11, 2017, alleging that Plaintiff was again harassed by Olsen, with "the support" of Clifford and Derwinski, when Plaintiff helped a subordinate prepare FMLA paperwork. (*Id*. at ¶ 23). Plaintiff was harassed and subjected

2

to discipline for his involvement in a derailment in June 2017. (*Id*. at ¶¶ 26, 28). As to the derailment, Plaintiff completed a "required disclosure" to the Close Call Confidential Reporting System ("C³RS") and as a result, he was disciplined. (*Id*. at ¶¶ 27-28). He was told he had a choice between being fired or accepting a demotion. (*Id*. at ¶ 32) and he took the demotion to maintain an income stream and health benefits. (*Id*. at ¶ 33). However, Plaintiff, while working as the Mechanical Foreman in charge, was involved with the derailment and attempts to re-rail the gallery car at issue, but he failed to disclose this information to Metra as required by Metra's Employee Conduct Rules, Safety Rules, and General Procedures Manual. (*Id*. at Exhibits D1-F). Plaintiff concludes that the actions against him by Olsen "were ongoing violations of Plaintiff's First Amendment rights and his state protected Whistleblower rights." (*Id*. at ¶ 34). Plaintiff alleges that "these illegal and tortious acts were validated by both" Clifford and Derwinski. (*Id*.).

### III. Standard for Dismissal Under Fed. R. Civ. P. 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts that, when accepted as true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pleading that offers nothing more than "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). The Complaint needs to set forth enough factual specificity to causally connect Plaintiff's claim to his alleged injury. *McTigue v. City of Chicago*, 60 F.3d 381 (7th Cir. 1995). If a Complaint fails to do so, it stops short of the line between possibility and plausibility of entitlement to relief. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014).

### IV. Argument

**A. Count I Fails to State Section 1983 First Amendment Claims.**

Count I fails to state a claim under Section 1983 / First Amendment. To state a *prima facie* claim for retaliation or harassment based on First Amendment rights, "a public employee must present evidence that: (1) his speech was constitutionally protected; (2) he suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor in the employer's action." *Nagle v. Village of Calumet Park*, 554 F.3d 1106, 1123 (7th Cir. 2009). In *Schmidt v. Vill. of Greenwood*, 14 C 9112, 2015 WL 3918952, at *3 (N.D. Ill. June 24, 2015), the court stated that "[a]lthough making a 'prima facie case' is an evidentiary requirement and not a pleading standard… this requirement lends guidance to the Court's determination whether Plaintiffs have sufficiently alleged their First Amendment retaliation claim under *Twombly* and *Iqbal*." *Schmidt v. Vill. of Glenwood*, 2015 WL 3918952, at *3; *Smith v. Illinois Sch. Dist. U-46*, 120 F.Supp.3d 757, 770 (N.D. Ill. 2015).

Speech is constitutionally protected if the public employee spoke on matters of public concern and the interest of the employee as a citizen commenting on a matter of public concern outweighs the government's interest in promoting the efficient public service. *Nagle*, 554 F.3d at 1123. Whether a statement is a matter of public concern is a question of law for the court. *Bivens v. Trent*, 591 F.3d 555, 560 (7th Cir. 2010). To determine whether speech addresses a matter of public concern, courts must address the context, form and content of the statement. *Connick v. Myers*, 461 U.S. 138, 147-48, 103 S. Ct. 1684 (1983). The fact that an employee speaks on a matter that may be considered of public import does not automatically render the subject protected. *Bivens*, 491 F.3d at 561. If the speech concerns a subject of public interest, but the expression addresses only the personal effect upon the employee, then as a matter of law, the speech is not of public concern. *Bivens*, 591 F.3d at 561.

*Garcetti v. Ceballos,* 547 U.S. 410, 421, 126 S. Ct. 1951, 1959–60 (2006), "clarified that public employees who speak 'pursuant to their official duties' are not speaking as private citizens, but as employees whose communications are not protected from employee discipline on First Amendment grounds." *Schmidt,* 2015 WL 3918952, at *3, citing *Garcetti*, 547 U.S. 410, 421, 126 S. Ct. 1951, 1959–60. "In determining whether a public employee is speaking as an employee or as a citizen, the 'proper inquiry must be a practical one' that considers whether speech is part of the employee's "daily professional activities." *Schmidt*, 2015 WL 3918952, at *3, citing *Chrzanowski v. Bianchi*, 725 F.3d 734, 738–39 (7th Cir. 2013).

In the instant matter, Plaintiff never articulates that he was deprived of speech that was entitled to First Amendment protections. In Count I, the allegations concern matters connected to Plaintiff's "official duties." First, the retaliation claims made by Plaintiff connected to purported HIPAA allegations in the Complaint do not concern Plaintiff's protected speech made as a private citizen. (Complaint, ¶¶ 23-25). Plaintiff specifically alleges that an employee *under his management* sought his and a co-worker's assistance in completing said employee's FMLA paperwork. (*Id*. at ¶ 23). There is an absence of facts to show that Plaintiff's "official conduct" made in connection to his management duties to constitute private speech on a public matter. Under these allegations, Plaintiff's First Amendment retaliation and harassment claims fail on its face and should be dismissed against all Defendants.

Second, Plaintiff's conduct in the C$^3$RS regarding the derailment involved his "official duties." Plaintiff pleads himself out of First Amendment claims when he alleges that "he spoke truthfully, *pursuant to his official duties*." (*Id*. at ¶ 2). Plaintiff specifically alleges that he was *required* to make the C$^3$RS disclosure. (Complaint, ¶ 3). These allegations defeat his claim that such speech was protected under the First Amendment since this conduct was connected to his

official duties at Metra. Thus, the claims in Count I for First Amendment retaliation and harassment fail and must be dismissed.

Article 6 of the Memorandum of Understanding ("MOU") between Metra and NASA provides, in relevant part, as follows:

> When an employee of Metra covered by this C3RS/IMOU *observes a safety problem* or *experiences a close call event*, he or she should report the problem or event and describe it in detail to NASA…
>
> The reporting of close call events *is neither intended to circumvent nor meant to be a substitute for any existing Metra safety programs or reporting procedures*. Rather, it is intended to be an additional tool for improving safety.
> (Complaint, Exhibit B at 6-7).

Specifically, Article 6.2 of the MOU provides explicit conditions when an employee is not protected from discipline or Federal Railroad Administration ("FRA") Civil Enforcement. (Complaint, Exhibit B at 8). Metra employees under the $C^3RS$ MOU receive no protection from railroad discipline when the event is a Real Time Observation, as defined under the MOU, by a Metra employee. (*Id.*). Article 6.4 of the MOU provides that "[t]his article does not modify Metra incident investigation or Alcohol and Drug Testing policy…" and "*employees involved will provide written statements of incident when requested by Metra management*." (*Id.* at 9).

Here, Plaintiff fails to allege facts supporting his allegation that the $C^3RS$ disclosure under the MOU was either protected speech or not part of his official Metra duties. Rather, based on the exhibits attached to the Complaint, it is plain that Plaintiff's failure to report the derailment to Metra, as required by Metra's rules, was the premise behind the imposition of disciplinary proceedings against him. For example, Exhibits D1, D2, E, and F of the complaint all identify the Metra rules that Plaintiff failed to follow in not reporting the derailment to Metra. (*Id.* at Exhibits D1-F). These exhibits demonstrate that Plaintiff was required to disclose the circumstances of the derailment as part of his official duties at Metra. The derailment disclosure was thus not protected

6

private speech, but part of Plaintiff's job duties. Plaintiff fails to plead facts that his $C^3RS$ disclosure did not fall under the exceptions contained in Articles 6.2 and 6.4 of the MOU. Therefore, Count I fails to state plausible Section 1983 First Amendment claims and should be dismissed against all Defendants.

### B. Plaintiff's Section 1983 First Amendment Claims Connected to Conduct from 2015 are Time Barred.

Paragraphs 17 through 22 of the Complaint alleges conduct connected to EEO claims from 2015, with the latest date identified as February 13, 2015. Claims involving 2015 conduct in Count I are time barred. "The statute of limitations for § 1983 claims in Illinois is two years." *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016) (citation omitted). "Federal law, however, governs the accrual date for §1983 claims, which is when the plaintiff 'knows or should know that his or her constitutional rights have been violated.'" *Id*. at 894.

Here, Plaintiff knew or should have known that his civil rights were allegedly violated in February 2015 at the time they occurred. Nevertheless, he filed this action in 2018, over two years later. Thus, the claims involving the 2015 conduct are time-barred.

### C. Plaintiff's Section 1983 Claims Against Individual Defendants in Their Official and Individual Capacities Fail.

Plaintiff seeks to impose Section 1983 liability against Derwinski, Olsen and Clifford in their official capacities and individual capacities. (Complaint, ¶1). However, claims against public employees in their official capacities are duplicative of claims against the public entity, Metra, and therefore, are subject to dismissal with prejudice. *Smith v. Illinois Sch. Dist. U-46*, 120 F. Supp. 3d 757, 770 (N.D. Ill. 2015), citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991), and *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir.2008). In *Smith*, the District Court dismissed with prejudice First Amendment retaliation claims against two defendants in their official capacities ruling that such

7

pleading is the equivalent of suing the government entity, which was already a named defendant appearing in that action. *Smith*, 120 F. Supp. 3d at 770. Claims against named defendants "in their official capacities are redundant of the claim against the District..." *Id.*

Here, Metra is sued as a defendant for indemnification purposes (Complaint, ¶10). There are no allegations supporting a Section 1983 claim against Metra. *McAuley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011) (Municipal liability §1983 must be based on a problematic policy or practice). Thus, for the reasons identified in *Smith* and the lack of allegations of constitutional violations by Metra, the Court should dismiss with prejudice Plaintiff's official capacity claims against Derwinski, Olsen, and Clifford.

Further, the allegations do not support claims of personal liability against the individual defendants. "[T]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice to state a plausible claim for relief." *Adams v. City of Indianapolis*, 742 F.3d 720, 733 (7th Cir. 2014), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The only allegations involving Derwinski and Clifford's conduct consist of improper legal conclusions. Paragraph 23 of the Complaint improperly concludes that Clifford and Derwinski provided "support" for Olsen to bring a charge of HIPAA violations against Plaintiff. Paragraph 34 of the Complaint improperly concludes that allegedly "illegal and tortious acts were validated" by Clifford and Derwinski.

There is also a paucity of allegations on Olsen's conduct that would give rise to a claim under Section 1983. Plaintiff mentions Olsen in the time barred 2015 EEO allegations. (*Id*. at ¶¶ 17-22). Plaintiff alleges enduring a "continuing pattern of harassment" by Olsen, yet, he only identifies time barred 2015 matters and two incidents in May and June 2017. (*Id*. at ¶¶ 17-24, 30-

8

32). These allegations do not support Section 1983 claims against the individual defendants in their individual capacities. The individual defendants should be dismissed.

### D. Plaintiff's Illinois Whistleblower Act Claims Must be Dismissed.

The Illinois Whistleblower Act forbids an employer from retaliating "against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a state or federal law, rule or regulation." 740 Ill. Comp. Stat. 174/15(b) (West 2018). Plaintiff must plead facts to show that (1) he made a disclosure to a government or law enforcement agency of (2) a suspected violation of an Illinois or federal law, rule, or regulation, and that (3) he suffered an adverse employment action in (4) retaliation for the disclosure. See *Taylor v. Board of Education of the City of Chicago*, 2014 IL App (1st) 123744, ¶ 52. While plaintiff is not required to identify the specific law, rule or regulation that he suspects was violated, he still must allege facts to support the finding that he reasonably believed that the information he was disclosing was illegal. *See Williams v. Merle Pharmacy, Inc.*, 2017 WL 3706614, at *5 (C.D. Ill.). *See also Milsap v. City of Chicago*, 2018 WL 488270, at *9 (N.D. Ill. 2018).

Plaintiff does not allege that he had reasonable cause to believe that he disclosed information through $C^3RS$ that Metra violated a state or federal law, rule or regulation. Plaintiff alleges he reported "a derailment" that occurred on June 3, 2017, and he had a "verbal conversation with a NASA representative about the factors leading up to and following the derailment." (Complaint, ¶¶ 26-27). Plaintiff does not allege that he disclosed information that he reasonably believed to be a violation of a law, rule, or regulation. Therefore, this Court must dismiss Plaintiff's claims under the Illinois Whistleblower Act contained in Counts I and II.

### E. There Is No Basis for Section 1983 Claims Against Metra.

Paragraph 10 of the Complaint alleges that "Metra is a party to this matter solely for purposes of indemnification." Plaintiff, however, provides no factual or legal basis for this allegation. Plaintiff also does not allege Section 1983 claims against Metra or that this is a "*Monell*" case. A municipality cannot be held liable based on a theory of *respondeat superior* but rather can be held liable only when the constitutional deprivation is caused by the municipality's own conduct. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). To establish municipal liability, a plaintiff must establish that the alleged injuries were caused by an express municipal policy, a person with final policymaking authority, or a common municipal practice so widespread and well-settled that it constitutes a custom or usage with the force of law. *Lawrence v. Kenosha County*, 391 F.3d 837, 844 (7th. Cir. 2002). Plaintiff has not stated any viable claims against Metra either as an indemnitor or under 42 U.S.C. §1983. Defendant Metra should therefore be dismissed with prejudice.

### F. State Law Claims of Negligent Infliction and Intentional Infliction of Emotional Distress Must Be Dismissed.

In a one line reference under the heading "Nature of the Claim," Plaintiff alleges state law claims for negligent infliction of emotional distress and intentional infliction of emotional distress. (Complaint, ¶14). Aside from that one paragraph, the Complaint provides no allegations of fact or separate counts regarding these claims. Therefore, the purported claims for negligent infliction and intentional infliction of emotional distress should be stricken and dismissed.

**V. Conclusion**

WHEREFORE, Defendants, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORP. d/b/a METRA, JAMES DERWINSKI, ARTHUR OLSEN, and KEVIN CLIFFORD respectfully request that this Court grant the motion to dismiss the Complaint in its entirety with prejudice and for any other relief that this Court deems appropriate.

Respectfully submitted,

**Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra,**

By: _/s/ Stephen G. Goins_____
Stephen G. Goins
Attorney for Defendants

By: _/s/ Henry J. Ford, Jr._____
Henry J. Ford, Jr.
Attorney for Defendants

Stephen G. Goins – ARDC#: 6310890
Henry J. Ford, Jr. – ARDC#: 6277482
**Metra Law Department – Firm No. 17341**
547 West Jackson Boulevard - 15th Floor
Chicago, Illinois 60661
Telephone: 312.322.7073
Telephone: 312.322.6958
sgoins@metrarr.com
hford@metrarr.com